# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2010

No. 09-11058
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:  MUT A. ASHERU,

DEBTOR

- - - - - - - - - - - - - - - - - - - - - -

G. VON THOMAS,

Appellant,

v.

CARL MATHENIA; PAUL A. SCOTT,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-979

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

G. Von Thomas, proceeding pro se, moves to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his appeal from the bankruptcy court's order denying his motion to disqualify counsel Donald R.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rector and his law firm, Glast, Phillips, & Murray, P.C., from representing Paul A. Scott and Carl Mathenia, in his capacity as an estate representative, in the bankruptcy proceedings of Mut A. Asheru.

The bankruptcy court, in recommending the denial of the motion to proceed IFP on appeal, determined that Thomas's underlying motions were frivolous and that his appeal was not taken in good faith. The bankruptcy court noted that Thomas had no interest in property that was part of the bankruptcy estate and that he used someone else's bankruptcy proceeding to interfere with state court eviction proceedings. The district court adopted the finding of the bankruptcy court that Thomas's appeal was not taken in good faith and dismissed the appeal pursuant to 28 U.S.C. § 1915(e)(2).

Thomas has not provided any argument to support his assertion that counsel Rector and his firm should have been disqualified from representing Scott and Mathenia based on a conflict of interest. Thus, he has abandoned the issue raised by his appeal. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Nor has Thomas briefed his claim that the district court erred in referring the IFP motion to the bankruptcy court for the preparation of a report and recommendation. Therefore, this issue is also abandoned. *See id.*

Insofar as Thomas asserts that counsel Scott was not authorized to file pleadings, the record reflects that the bankruptcy court authorized Scott to represent Mathenia, in his capacity as a personal representative of the estate, for the limited purpose of presenting the motion to lift the automatic stay.

Thomas had no standing to complain about the lack of notice of the motion to lift the automatic stay because he did not demonstrate that he had an interest in any property involved in the bankruptcy proceeding, and he did not make an appearance in the proceeding prior to the stay being lifted. *See* N.D. TEX. L.B.R. 4001-1(a)(1).

Thomas's complaints about the bankruptcy court clerk's docketing pleadings several days after they were filed or ruled upon does not raise a nonfrivolous issue on appeal.

Because the bankruptcy court's denial of Thomas's motion to disqualify Rector and his law firm and his other arguments do not raise an issue of arguable merit, the district court did not err in determining that the appeal was not taken in good faith. The motion to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

IFP MOTION DENIED; APPEAL DISMISSED.